UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 19-22620-CIV-MORENO

MARIO ECHEVARRIA,

        Plaintiff,

vs.

EXPEDIA GROUP, INC., HOTELS.COM
L.P., HOTELS.COM GP, LLC, and ORBITZ,
LLC,

        Defendants.
_____/

## ORDER GRANTING MOTION FOR LEAVE TO PUBLICLY FILE EXHIBITS AND DENYING MOTION TO SEAL

THIS CAUSE came before the Court upon Plaintiff's Motion for Leave to Publicly File Exhibits and Unredacted Statement of Facts in support of his Omnibus Motion for Partial Summary Judgment or in the Alternative, to File Under Seal **(D.E. 235)**, filed on **July 31, 2024**.

THE COURT has considered the motion, the response, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED except as to customer names and addresses, where Plaintiff agreed to use only a last name and first initial only in the relevant exhibits.

Plaintiff seeks to publicly file Exhibits 29-36, 38-42, and 45, which were named as highly confidential by the Defendants pursuant to the Stipulated Confidentiality Order entered in this case on July 31, 2020. When the parties first agreed to the Stipulated Confidentiality Order in this case, Defendants' competitors were also named in this case and the information contained in the exhibits was current. The Defendants' competitors have now been dismissed from this case and in the four years since the Stipulated Order was entered, the Defendants stopped selling the

subject hotels on their websites. Plaintiff argues that the information contained in the exhibits date from 2016 to 2020 and go to the heart of his trafficking case and the Defendants' lawful travel defense. The Court retains the ability throughout proceedings to modify the confidentiality order, as appropriate. *See Boca Raton Comm. Hosp. Inc. v. Tenet Healthcare Corp.*, 271 F.R.D. 530, 537 (S.D. Fla. 2010) (stating that a court may modify a protective order after determining whether any justification exists for lifting or modifying the order).

"'Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g., Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). There is a "general presumption that criminal and civil actions should be conducted publicly." *FTC v. Abbvie Prods., LLC*, 713 F3d 54, 62 (11th Cir. 2013)(quoting *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). Moreover, the older the information is, the less appropriate it is to seal it. *In re Keurig Green Mountain Single Serve Coffee Antitrust Litig.*, No. 14-MD-2542 (VSB), 2023 WL 196134, at *4 (S.D.N.Y. Jan. 17, 2023).

To overcome the presumption in favor of access, the Court must examine whether Defendants have shown good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). This requires the Court to "balance[] the asserted right of access against the other party's interest in keeping the information confidential." *Id.* (quoting *Chi. Tribune Co.*, 263 F.3d at 1309). "Whether good cause exists is decided by the character and nature of the information in question." *Id.* (quoting *Chi. Tribune*, 263 F.3d at 1315). Courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public

officials or public issues, and the availability of less onerous alternative to sealing. *Id.*

The Court examines the exhibits themselves to determine whether good cause is shown. Notably, the documents date from 2016-2020. This is a chart showing the exhibits that Plaintiff seeks to file:

| Exhibit | Description |
|---|---|
| 29 | Mar Caribe Contract |
| 30 | Accor Contract & Addendum |
| 31 | Cubanacan Contract |
| 32 | Reservation Chart for Iberostar Mojito |
| 33 | Reservation Chart for Iberostar Colonial |
| 34 | Reservation Chart for Pullman Cayo Coco |
| 35 | Reasons for Travel for Iberostar Colonial |
| 36 | Revenue Chart of Trafficked Hotels |
| 38 | Pullman Cayo Coco Reviews |
| 39 | Mojito Landing Page |
| 40 | Reasons for Travel Mojito |
| 41 | Reasons for Travel Pullman Cayo Coco |
| 42 | Module Email |
| 45 | Agent Assisted Presentation |

For exhibits 29-36 and 40-41, the Defendants seek to redact price and revenue information. The information relates to transactions from 2017-2019. At the time, the Defendants published pricing information on their websites. For exhibits 29-31, Defendants also seek to

3

redact compensation information. Defendants also seek to redact customers' names and addresses from exhibits 35, 40, and 41. Exhibits 42 and 45 are internal emails regarding the certification module and an internal communication regarding agent-assisted bookings. Finally, Defendants agree exhibits 38, 39, and 42, which are deposition excerpts, can be filed publicly. Defendants make no mention of exhibit 45 in their response memorandum.

The Defendants' main argument for finding good cause is that the information Defendants seek to redact is competitively sensitive and revealing that information would put Defendants at a disadvantage with competitors. They make this argument with respect to the exhibits 32, 33, 34, 35, 40, and 41. These documents, however, relate to transactions from 2017-2019. Not only is this material dated, but the pricing information was available on the Defendants' websites at the time. So it is hard to say now over four years later that Defendants have shown good cause to redact these documents. The pricing information is just too old such that it would put Defendants at a competitive disadvantage now. Likewise, the Defendants assert that the compensation information in exhibits 29-31 is competitively sensitive and should be kept confidential. Again, the information is dated and the Defendants have not made a sufficient showing of good cause as to why this compensation information should be kept confidential. The Court also agrees with Plaintiff that the information is relevant to show the trafficking element of the Helms-Burton cause of action.

Defendants rely on *Synchrony Bank v. Cabinets to Go, LLC*, No. 1:21-CV-21828-KMM, 2022 WL 19300397, at *2 (S.D. Fla. Apr. 13, 2022) to argue there is good cause to keep the exhibits confidential as financial records. In *Synchrony Bank*, however, the court recognized that the parties' agreement central to the breach of contract claim was already partially disclosed on the docket and given that context, allowed the Plaintiff to file a redacted version on the docket

4

and an unredacted one under seal. Here, however, the Plaintiff seeks to file the agreements between Defendants and third-party hotels to show the trafficking element of the cause of action. The relevant provisions are not otherwise disclosed so that the public retains access, and the Defendants have not shown the dated information is so sensitive that the Court should override the presumption in favor of access. With respect to the only active contract, exhibit 30, Defendants argue it should be kept confidential because it covers hotels all over the world not just hotels in Cuba. Therefore, revealing compensation terms would allow competitors to use the information to improve their terms with similar hotels, which would harm Expedia's competitive position. Again, the Court is not convinced the nature of this information rises to the level of good cause to overcome the public's right of access and interest in transparent proceedings.

Defendants' reliance on *CRubin, LLC v. Escoriaza*, No. 19-CV-22261, 2020 WL 2542629 (S.D. Fla. May 19, 2020) also does not persuade the Court that good cause is shown. In that case, the court sealed exhibits containing trade secrets, attorney correspondence, technical infrastructure, business strategy, and other non-public proprietary information. Defendants have not shown how the exhibits here correlate with what was sealed in *CRubin*, where the parties filed a joint motion to seal the documents.

Finally, Defendants seek to redact customer information from exhibits 35, 40, and 41. The Federal Rules provide that publicly identifying information needs to be redacted: "an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number." Fed. R. Civ. P. 5.2(a). At most, the exhibits Echevarria seeks to file contain some names, which he claims are necessary to prove that Defendants did not comply with their Office of Foreign Asset Control license. He contends the information shows that Defendants failed to collect a reason for travel from every traveler to

Cuba as required by the license. Echevarria agrees that he can redact the exhibit to show only the first initial and last name of the customer and redact the few addresses listed. The Court finds that this level of redaction would suffice to appease the concerns of the Defendants while allowing the Plaintiff to challenge the lawful travel defense.

Accordingly, with the exceptions of customer names and addresses as set forth above, the Plaintiff may publicly file exhibits 29-36, 38-42, and 45 and an unredacted Statement of Facts.

DONE AND ORDERED in Chambers at Miami, Florida, this 28th of August 2024.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record