UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

### Case Number: 19-22620-CIV-MORENO

MARIO ECHEVARRIA,

        Plaintiff,

vs.

EXPEDIA, INC., HOTELS.COM L.P.,
HOTELS.COM GP, LLC, and ORBITZ, LLC,

        Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO PERMIT DISCLOSURE OF SETTLEMENT INFORMATION

THIS CAUSE came before the Court upon Defendants' Motion to Permit Disclosure of Settlement Information **(D.E. 262)**, filed on **August 21, 2024**.

THE COURT has considered the motion, the response, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED. Defendants request the Court allow their counsel to verbally disclose the settlement information that Plaintiff reached with the Booking Defendants to in-house counsel at Expedia-WA. Defendants make this request for the stated purpose of advising their client, who can then make decisions on this case as it approaches trial. Allowing the Defendants' counsel to verbally disclose the terms of the settlement agreement to the General Counsel is consistent with the Court's prior Order Granting the Motion to Compel Terms of Settlement Agreement Subject to Confidentiality Order (D.E. 216) filed on June 5, 2024. In that Order, the Court found that the terms of the settlement agreement were discoverable because they are relevant to the Expedia Defendants' affirmative defense that they would be entitled to a set-

off. Then, like now, the Expedia Defendants argue that the information is relevant because the Plaintiff seeks as a remedy the full value of the hotel property and a double-recovery is not appropriate. Plaintiff argues the statutory remedy is available as to each alleged trafficker of the property. As noted in the prior Order, the Court tends to agree with the Plaintiff that the Defendants' one-satisfaction rule does not apply to Title III cases, but the Court need not decide the issue in the context of a discovery motion. *See Solomon v. United Specs. Ins. Co.*, No. 22-62405, 2024 WL 552187, *4 (S.D. Fla. Feb. 12, 2024) ("Whether an affirmative defense is meritorious is not a matter to be resolved as part of a discovery dispute."). The Court also notes that verbal disclosure to the General Counsel is narrow and unlikely to prejudice the parties to the agreement. Indeed, the Booking Defendants have consented to the verbal disclosure of the total settlement value to the Expedia-WA General Counsel. *See also In re Mirabilis Ventures, Inc.*, No. 6:09-cv-271-Orl-31DAB, 2010 WL 11626614, *2 (M.D. Fla. Dec. 3, 2010) ("[C]ourts routinely grant such requests [to compel settlement agreements] because there is no exception to settlement agreements under Rule 26 and Rule 408 does not preclude its production.").

DONE AND ORDERED in Chambers at Miami, Florida, this ___30___ of January 2025.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

2