**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 19-cv-22621-FAM
Case No. 19-cv-22620-FAM

MARIO ECHEVARRÍA

v.

EXPEDIA GROUP, INC., HOTELS.COM
L.P., HOTELS.COM GP, ORBITZ, LLC,

    defendants.
_____/

### MARIO ECHEVARRÍA'S MOTION TO COMPEL
### OUTSTANDING DISCOVERY RESPONSES

Plaintiff Mario Echevarría, pursuant to the Court's Order on Plaintiff's Appeal of Magistrate Judge's Order and Order of Continuance (D.E. 336, Case No. 19-cv-22620 ("22620"); D.E. 342, Case No. 19-cv-22621 ("22621")) dated December 15, 2024, Federal Rule of Civil Procedure 37, and Local Rule 26.1, respectfully requests an order compelling defendants Expedia Group, Inc., Hotels.com L.P., Hotels.com GP, and Orbitz, LLC (collectively, the defendants) to provide full and complete responses to outstanding discovery requests.

For almost three years,[1] defendants have engaged in a persistent pattern of discovery obstruction, concealing critical evidence, denying its existence, and making egregious misrepresentations to the Court. They have repeatedly misled both Echevarría and the Court, withholding reservation and revenue data that confirms their continued trafficking after being

---

[1] The Court suspended these cases on March 30, 2021, awaiting a decision in *Del Valle v. Trivago GMBH*, 56 F.4th 1265 (11th Cir. 2022). *See* Order Closing Case for Statistical Purposes and Placing Matter in Civil Suspense File (D.E. 132, Case No. 22620; D.E. 93, Case No. 22621). The cases were reopened in 2023.

1

sued, suppressing key communications with the Office of Foreign Assets Control ("OFAC")—including information regarding sanctions—and falsely claiming compliance with discovery obligations while systematically obstructing the production of relevant materials. By engaging in this pattern of deception, defendants have placed an extraordinary burden on Echevarría, forcing him to overcome their relentless misrepresentations, false accusations, and deliberate noncompliance, all while attempting to prepare his case without the crucial evidence they were required to disclose.

Despite Echevarría's direct and repeated requests for complete discovery, defendants withheld information repeatedly misrepresenting that it did not exist, both to Echevarría and the Court. Only after the close of discovery did defendants suddenly "find" some of this withheld information and filed a last-minute notice on October 21, 2024, admitting that their discovery responses were "incomplete or incorrect." *See* Defendants' Notice of Intent to Correct Filings at 1-2 (D.E. 300, Case No. 22620; D.E. 308, Case No. 22621).

To this day defendants have not produced all relevant information from 2020 to present, which they refused to supplement relying on unresolved objections to Echevarría's discovery requests. Compounding this issue, defendants over-designated 99.5% of the information they did produce as "Confidential" or "Attorneys' Eyes Only," improperly restricting plaintiff's ability to use key evidence at trial. *See* Defendants' Exhibit List at 2 (D.E. 342, Case No. 22620; D.E. 347, Case No. 22621) (raising objection to confidential documents). These tactics not only violate defendants' discovery obligations but also severely prejudice plaintiff's ability to prosecute his claims and present evidence before the Court.

Echevarría therefore seeks an order compelling defendants to produce all outstanding discovery, and to de-designate improperly designated confidential materials, as well as an award of attorney's fees and costs for defendants' ongoing discovery violations.

## BACKGROUND

Early in discovery, Echevarría requested comprehensive reservation and revenue data for the Pullman Cayo Coco, the Iberostar Mojito, and the Colonial Cayo Coco (the "Subject Hotels"), information that was essential to prove defendants' unlawful trafficking activities in violation of Title III of the Cuban Liberty and Democratic Solidarity Act (the "Act") (22 U.S.C. §§ 6021-91). In 2020, defendants produced a limited set of reservation data, claiming that it included *all* reservations at the Subject Hotels made through their websites until 2019—when they claimed they stopped accepting reservations and revenue for those properties. In 2023, Echevarría requested updates of this data. Despite clear discovery obligations, defendants have refused to update their prior productions and continue to withhold critical information from April 2020 to the present. Instead of providing full responses, defendants arbitrarily limited their production based on their unresolved objections.[2]

Plaintiff also sought internal communications, contracts, and policies reflecting defendants' business dealings, as well as text messages, slack channel and SMS communications that may contain direct admissions regarding their continued trafficking in Echevarría's confiscated property and their compliance with U.S. laws. These materials are fundamental to proving Echevarría's claims and directly relevant to defendants' affirmative defenses, and have not been produced.

While defendants did produce several spreadsheets containing booking and revenue information, these spreadsheets lack any underlying data or information related to the query used to prepare the spreadsheets, making it impossible to verify their accuracy or completeness. The absence of metadata, system logs, or documentation showing how these spreadsheets were

---

[2] Defendants' objections to Echevarria's requests for production continue to be unadjudicated by the Court.

compiled raises serious concerns about their reliability. Moreover, defendants have failed to produce a *single witness* who can authenticate these spreadsheets or testify as to their preparation, further undermining their evidentiary value. Without a proper foundation, these documents are of little utility and create an unfair evidentiary disadvantage for Echevarría, who cannot effectively challenge or verify their accuracy without additional disclosures.

Echevarría timely filed his first Motion to Compel on September 9 and 11, 2020. D.E. 100, Case No. 22620; D.E. 63, Case No. 22621. The Court stayed these cases on March 30, 2021, pending a decision from the Eleventh Circuit in *Del Valle v. Expedia Grp., Inc.*, 20-12407 (11th Cir. 2020), and reopened on June 22, 2023. After the Court reopened the case, the parties continued to engage in good-faith conferrals related to the issues raised in their 2020 motions to compel.

Echevarría then served additional discovery requests on January 26, 2024, February 13, 2024, and March 8, 2024. After defendants served inadequate responses and blanket objections to each request, Echevarría was forced once again to move to compel better responses. D.E. 186, 198, 211, Case No. 22620; D.E. 162, 177, 186, 205, Case No. 22621 (collectively the "Motions to Compel"). The Court referred those motions to Magistrate Judge Torres on June 10, 2024. Magistrate Judge Torres held a hearing on the Motions to Compel on July 10, 2024. D.E. 230, Case No. 22621. Defendants' objections to Echevarria's discovery requests listed in **Exhibit A** were never addressed by the Court.

In addition to withholding critical documents, defendants have engaged in an abusive pattern of over-designating discovery materials as "Confidential" or "Attorneys' Eyes Only." This absurd over-designation rendered it practically impossible for Echevarría to use critical evidence to support his arguments without further litigation, and ultimately necessitated two appeals to the Eleventh Circuit.

Plaintiff has repeatedly attempted to resolve these discovery deficiencies through good-faith conferences, yet defendants continue to stonewall and withhold key evidence necessary for trial. Without Court intervention, defendants will continue to evade their discovery obligations and suppress evidence that is essential to the resolution of this case.

## ARGUMENT

### I. Defendants Must Produce All Relevant Information from 2020 to Present

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties are entitled to discovery of any nonprivileged matter that is relevant to any party's claim or defense. Courts have consistently recognized that relevance in discovery is broadly construed to facilitate full and fair disclosure of information essential to resolving the issues in a case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The purpose of discovery is to prevent surprise at trial, streamline the presentation of evidence, and ensure that disputes are decided based on the merits rather than on the withholding of information.

Defendants have failed to comply with these fundamental principles by refusing to update their discovery responses from 2020 to present, directly obstructing Echevarría's ability to gather critical evidence necessary to establish his claims. Without these records, Plaintiff cannot fully substantiate the extent of defendants' commercial activities in Cuba, nor can he properly assess the financial benefits defendants have derived from their unlawful conduct. Similarly, defendants have withheld updated internal policies and communications regarding their Cuban hotel operations, preventing Echevarría from evaluating whether defendants made deliberate efforts to circumvent legal prohibitions or adjusted their business strategies in response to litigation. Additionally, defendants' failure to produce marketing materials and promotional content from 2020 onward conceals evidence that may demonstrate how defendants actively encouraged and facilitated travel to the very properties at issue, further evidencing their unlawful trafficking.

5

Defendants have produced several spreadsheets containing booking and revenue information, these spreadsheets lack any underlying data or query pages, making it impossible to verify their accuracy or completeness. *See, e.g.*, EE-ECH1_00053343 (listed as trial exhibits PLA295 and D026); EE-ECH2_00000120 (listed as trial exhibits PLA311 and D124); EE-ECH2_00061833 (listed as trial exhibits PLA874 and D128); EE-ECH2_00000121 (listed as trial exhibits PLA312 and D121); EE-ECH1_00000115 (listed as trial exhibits PLA104 and D11); EE-ECH2_00061834 (listed as trial exhibits PLA875 and D129). The absence of documentation or testimony showing how these spreadsheets were compiled raises serious concerns about their reliability.[3] The lack of transparency in the preparation and production of these spreadsheets suggests that defendants are deliberately withholding critical information that would provide greater clarity into their business operations in Cuba.

Adding to the prejudice against Echevarría, defendants have improperly limited their production based on objections that remain unresolved by the Court. Even as to those requests to which the defendants agreed to produce documents or respond to an interrogatory or request for admission, they limited their answer with the legally-meaningless phrase "subject to and without waiving the objections," which Federal Rule of Civil Procedure 34(b)(2)(C) forbids and which a court of this district has held "preserves nothing and constitutes only a waste of effort and the resources of both the parties and the court. Further, such practice leaves the requesting party uncertain as to whether the question has actually been fully answered, or only a portion of it has been answered" and also as to whether documents will be withheld as a result of the objection. *See*

---

[3] Defendants should produce a business records affidavit attesting that the records are kept in the ordinary and regular course of business, or produce a corporate representative for deposition or to attest at trial as to their authenticity. *See Williams v. Asplundh Tree Expert Co.*, 2006 WL 2598758 (M.D. Fla. Sept. 11, 2006); *Conyers v. Balboa Ins. Co.*, 2013 WL 2450108 (M.D. Fla. June 5, 2013).

*Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 401 (S.D. Fla. 2008). Such is the case here. There is no way for Echevarría to determine whether defendants' production is complete. Their ongoing failure to provide clear and definitive representations regarding the scope of their production leaves Echevarría in the untenable position of litigating this case without knowing if crucial evidence remains undisclosed. Defendants' refusal to confirm the completeness of their responses heightens the risk that Echevarría will be unfairly ambushed by undisclosed evidence at trial or that critical evidence will be permanently withheld, depriving plaintiff of his right to a full and fair adjudication of his claims.

      Plaintiff is entitled to the full breadth of discovery allowed under Federal Rule of Civil Procedure 26, and this Court should compel defendants to provide amended responses that accurately reflect what they have produced and finalize production of all responsive documents to date. By way of example, Echevarría's request for production 17 sought: "All documents related to your compliance efforts regarding your offering of booking services, or reservations booked on your websites, for hotels in Cuba, including the Iberostar Hotels, including, but not limited to, compliance reports, audit reports, and audit committee minutes." *See* **Exhibit A** at 3. Not only is it clear from defendants document production that they have not produced all responsive documents to this request,[4] Expedia's (second) corporate representative regarding audits, inspections, and reviews by the U.S. government testified that Expedia has a copy of the 2019 settlement agreement with OFAC related to OFAC violations, and plaintiff has never received a copy. M. Wagner Depo. 106:1-20.

      Defendants cannot be permitted to dictate the scope of discovery through unilateral and

---

[4] Defendants have not produced internal notes, minutes, reports, findings, documentation, or the actual settlement agreements with OFAC related to their 2011 through 2014, and 2022 OFAC violations.

unresolved objections or to strategically withhold documents while claiming compliance. The production of all responsive materials is essential to ensuring that this case is adjudicated on its merits and that Echevarría has a fair opportunity to present his claims. The Court should compel defendants to produce documents responsive to the pending requests in **Exhibit A**.

II.     **Defendants Must Produce Text, Slack Channel and SMS Communications**

Defendants have failed to provide text messages, Slack channel and SMS communications (and in particular, have produced none from any of their Cuba team employees), despite their clear discoverability under Rule 34(a) of the Federal Rules of Civil Procedure. Courts have consistently recognized that text messages, like emails and other forms of electronic communication, are discoverable when relevant and must be produced upon request. *Doe v. Willis*, 2023 WL 2918507, at *6 (M.D. Fla. 2023). The absence of these records deprives Echevarría of a crucial source of evidence to establish defendants' knowledge, intent, and continued engagement in unlawful trafficking activities.

Defendants' failure to produce responsive text, Slack channel or SMS communications is particularly troubling given that multiple documents they have produced explicitly reference such communications. *See, e.g.*, trial exhibits PLA0722 (EE-ECH2_ 00045558), PLA0647 (EE-ECH2_ 00036107). The existence of references to Slack channel creation and messages in emails strongly indicates that relevant communications exist, but have either been withheld or destroyed. This raises serious concerns about potential spoliation of evidence, as defendants have failed to provide a valid explanation for their absence or to demonstrate that reasonable steps were taken to preserve these records.

The deliberate withholding or destruction of relevant mobile communications not only prejudices Echevarría but also undermines the integrity of the discovery process. Without access to these records, plaintiff is hindered in his ability to challenge defendants' assertions and establish

the full extent of their trafficking activities.

The Court should compel defendants to immediately produce all responsive text, slack channel, and SMS messages, including those related to Cuban hotel reservations, revenue, and business operations. Additionally, defendants must disclose all internal discussions regarding their compliance—or lack thereof—with U.S. sanctions and the Helms-Burton Act. Given the clear indication that these communications exist and have been referenced in produced documents, defendants should be required to certify under oath whether these records have been withheld, deleted, or otherwise made unavailable. If defendants cannot account for these missing communications, Echevarría reserves the right to seek appropriate sanctions for spoliation, including an adverse inference instruction at trial.

Defendants cannot selectively produce documents while ignoring referenced communications that are fundamental to this case. Their failure to provide these records is a blatant violation of their discovery obligations, and their ongoing noncompliance should not be permitted to obstruct Echevarría's right to a fair adjudication of his claims.

**III.    Defendants Must Produce Missing Attachments for Completeness and Legible, Color Copies of all Trial Exhibits**

Defendants have failed to produce attachments referenced in numerous emails and documents, creating gaps in the evidentiary record and obstructing Echevarría's ability to assess the full context of key communications. *See, e.g.*, EE-ECH2_00034870 (referring to a reservations manual that was not produced); PLA290 (referring to draft contracts that were not produced where the versions purportedly alter an OFAC provision); EE-ECH2_00056300 (email referencing attached report not produced with its attachment); EE-ECH2_00031809 (referencing WhatsApp communications which were not produced). These missing attachments are essential to ensuring completeness under Rule 106 of the Federal Rules of Evidence, which provides that when a party

9

introduces a portion of a document or communication, the opposing party has the right to compel the production of the full document to prevent misleading omissions. Defendants' failure to produce these attachments raises concerns that they are selectively disclosing evidence in a way that distorts the factual record.

The Federal Rules of Civil Procedure require the production of all responsive materials, including attachments to emails and linked documents, which are considered part of the original communication. Fed. R. Evid. 106. Without the missing attachments, Echevarría is unable to determine whether defendants are misrepresenting the substance of key business communications or selectively producing materials that are favorable to their defense while concealing unfavorable evidence.

Many of the documents produced by defendants contain explicit references to missing attachments. The absence of these attachments undermines the reliability of the disclosed communications. Additionally, several of these missing attachments refer to relevant communications on other platforms, draft contracts negotiating key terms regarding compliance with US laws, and internal reports and manuals, all of which are central to Echevarría's claims and defendants' affirmative defenses.

Defendants have provided no justification for withholding these attachments, nor have they confirmed whether these documents have been lost, deleted, or are simply being withheld. The Court should compel defendants to immediately produce all missing attachments referenced in their document production to ensure completeness and compliance with their discovery obligations. If defendants claim that any attachments no longer exist, they should be required to certify under oath the steps taken to locate these materials and provide a clear statement regarding their status. Additionally, to the extent that attachments have been lost or deleted, Echevarría reserves the right to seek appropriate sanctions for spoliation, including an adverse inference

instruction at trial.

Lastly, almost all of defendants' documents were produced in grayscale and many are difficult to read. *See, e.g.*, PLA117 (greyscale Expedia presentation regarding the Cuban market); PLA382 (greyscale, illegible Expedia image of reasons for travel dropdown menu); PLA400-404 (greyscale pictures of Expedia market visit to Cuba); PLA496 (greyscale Expedia presentation for the Cuban Tourism Ministry). These records are readily available to the defendants; it is not a burdensome request for defendants to produce all documents with defendants bates numbers and identified by the plaintiff as a trial exhibit in a legible, color format. This request is necessary in order to present readable evidence to the jury at trial.

Defendants cannot be permitted to strategically withhold attachments or legible copies of documents, while selectively producing other documents. The production of complete and legible evidence is essential to ensuring that Echevarría can fully litigate his claims and that the Court has access to all relevant materials in reaching a fair and just resolution of this case.

### IV. Defendants' Over-Designation of Confidential Documents Prejudices Plaintiff's Trial Preparation

Defendants have engaged in the improper over-designation of discovery materials, marking 99.5% of their total production as "Confidential" or "Attorneys' Eyes Only" without justification. These sweeping designations create substantial barriers to trial preparation, limit the ability to present evidence in open court, and impose unnecessary restrictions on Echevarría's ability to litigate his claims. The misuse of confidentiality designations not only obstructs the examination of witnesses and expert analysis but also forces Echevarría to engage in unnecessary motion practice to challenge these excessive restrictions.

By restricting access to documents that should be publicly available, defendants are attempting to control the narrative of this case, selectively limiting what information can be shared

11

and scrutinized in open proceedings. The improper confidentiality designations serve no legitimate purpose other than to obstruct Echevarría's ability to prosecute his claims. Courts have consistently rejected the misuse of confidentiality protections when they are deployed as a litigation tactic rather than for legitimate reasons. Where a party excessively or improperly designates documents as confidential, courts have intervened by ordering declassification or in camera review to prevent unfair prejudice. In *Procaps S.A. v. Patheon Inc.*, 2015 WL 4430955, *7 (S.D. Fla. July 20, 2015), the court condemned the plaintiff's practice of designating 95% of its produced documents as "Highly Confidential," holding it "presumptively improper" and "absurd." That court ordered a re-review and re-designation of the documents under strict deadlines and imposed a $25,000 sanction for the over-designation abuse.

      Defendants have failed to demonstrate any compelling reason why the vast majority of their production is either designated confidential or attorney's eyes only. In fact, many of the documents they have designated as confidential contain no proprietary trade secrets, personal data, or sensitive financial information, but rather general business records, publicly available marketing materials, and internal communications that have no legitimate basis for confidentiality. The over-designation of these materials not only violates the principles of open judicial proceedings but also forces Echevarría to incur unnecessary litigation expenses in challenging these baseless designations.

      Echevarría requests an order compelling defendants to reclassify documents unless they can establish a specific and legally valid reason for confidentiality. To be clear, Echevarría listed 874 documents for use at trial that are from defendants' production—857 of those documents, or 98%, were marked confidential or attorney's eyes only. To the extent that defendants insist on maintaining certain designations, they should be required to submit individualized justifications for each document they seek to shield from public disclosure and the Court should conduct an *in*

*camera inspection* if the parties cannot come to an agreement. The Court should not permit defendants to use confidentiality as a means to thwart Echevarría's ability to present evidence at trial. Any continued misuse of confidentiality designations should be met with appropriate sanctions to deter further obstructionist tactics.

## CONCLUSION

For the reasons stated above, Echevarría respectfully requests that this Court enter an order:

a. compelling defendants to produce all relevant documents and information from 2020 to present;

b. ordering defendants to produce all text, slack channel, and SMS communications related to their business dealings in Cuba;

c. overruling defendants' boilerplate objections and requiring full and complete responses to Plaintiff's discovery requests;

d. compelling defendants to produce missing attachments and referenced materials in trial exhibits, as well as legible, color copies of defendants' documents that have been identified and marked as trial exhibits;

e. removing improper confidentiality designations that hinder Echevarría's ability to use key evidence at trial; and

f. awarding plaintiff attorney's fees and costs incurred in bringing this motion, pursuant to Rule 37(a)(5).

Plaintiff further requests any additional relief the Court deems just and proper.

## S.D. FLA. L.R. 7.1 CERTIFICATION

In accordance with S.D. Fla. L. R. 7.1(a)(3), plaintiff's counsel contacted defendants' counsel regarding this motion. Defendants oppose the relief sought.

Dated: February 14, 2025

                                    Respectfully submitted,

                                    **RIVERO MESTRE LLP**
                                    2525 Ponce de Leon Blvd., Suite 1000
                                    Coral Gables, Florida 33134
                                    Telephone: (305) 445-2500
                                    Facsimile: (305) 445-2505
                                    E-mail: arivero@riveromestre.com
                                    E-mail: amalave@riveromestre.com

By:    /s/ Andrés Rivero
        ANDRÉS RIVERO
        Florida Bar No. 613819
        ANA C. MALAVE
        Florida Bar No. 83839

**CERTIFICATE OF SERVICE**

     I certify that on February 14, 2025, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notice of Electronic Filing generated by CM/ECF.

                                      /s *Andrés Rivero*
                                  ANDRÉS RIVERO