UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 19-22620-CIV-MORENO
19-22621-CIV-MORENO

MARIO ECHEVARRIA,

    Plaintiff,

vs.

EXPEDIA GROUP, INC., HOTELS.COM
L.P., HOTELS.COM GP, LLC, and ORBITZ,
LLC,

    Defendants.
_____/

## ORDER MODIFYING ORAL ORDER REGARDING DEFENDANTS' RULE 50 MOTION AFTER TRIAL

After the jury's verdict, the Court required the plaintiff to respond in writing on all grounds relied on by all four defendants. In responding, the Court directs the plaintiff's counsel to organize the response as indicated in this order.

(1) The plaintiff should begin by indicating how the jury's $29.85 million verdict is quadrupled because four defendants were in the trial. The court notes that it required four verdicts because the evidence could be different for each corporate defendant. The plaintiff's joinder with the defendants in suggesting a single verdict form for two defendants, Hotels.com GP LLC and Hotels.com LP suggests to the Court that no double, triple, much less quadruple judgment was contemplated. The plaintiff's arguments throughout the case divulged a strategy that all "Expedia" entities acted together and should be held equally responsible despite the difference in the evidence against each defendant. In fact, plaintiff's counsel continued to argue that Expedia Inc. (Seattle), which was not a defendant in this case, is likewise responsible even if it was not a defendant. Therefore, the Plaintiff must first address this issue of quadruple damages. The plaintiff moved to amend his complaint to add Expedia Inc. as a defendant, but the Court ruled that to do so at the Calendar Call in a 2019 case made the request untimely as

the new defendant would need to answer and prepare, take discovery, and file motions, and the plaintiff's offer to continue this case for two months would not be sufficient. The defendants also were ready for trial and objected to delay.

(2) The Plaintiff must address with specific citations to the daily jury trial transcript of the evidence against each defendant:
   a. Expedia Group Inc.
   b. Orbitz LLC
   c. Hotels.com LP
   d. Hotels.com GP LLC

   The defendants' reply to this section should also differentiate among the four defendants. The plaintiff may of course indicate how each corporate defendant's agents acted to violate the Helms Burton Act.

(3) The plaintiff must show in this pleading what proof was presented about Expedia, Inc., despite it not being a defendant and plaintiff's counsel not producing a proposed agency instruction.

(4) The plaintiff must specifically describe, with citations to the transcript, the evidence of notice and failure to desist by each defendant that would justify treble damages.

(5) The plaintiff should determine the specific evidence showing exactly the proof of transfer of original ownership of Cayo Coco from the crown of Spain which controlled Cuba, including reference to the transcript.

(6) The plaintiff must address the subject of damages and how he satisfied the fair market value of each of the three subject properties
   a. Pullman
   b. Mojito
   c. Colonial

   by separating land value, hotel and other improvements obviously not done by the plaintiff or his family or any other owner, much less the going business model as it would uniquely apply to Cuba where the government controls all property even when it has foreign minority partners to compare the subject properties. The plaintiff shall also address in this section of the pleading whether there are any limits to an award of damages, constitutionally or otherwise. The plaintiff's counsel is requested to address

these issues separately in these six separate sections. The defendants' reply to this response must also follow these guidelines of six separate sections. The defendants, of course, are permitted to challenge the verdict in a separate motion including setting aside the verdict and asking for a new trial. The plaintiff will obviously have an opportunity to respond to those expected motions.

In view of these requirements imposed by the Court, the prior oral schedule is modified as follows:

The plaintiff's response to filed motion for judgment as a matter of law is due by May 20, 2025. The defendants' reply must be filed no later than June 24, 2025.

The defendants' motions challenging the verdict and motion for a new trial must be filed no later than July 14, 2025, with the plaintiff's response required no later than July 31, 2025. The defendants' reply, if necessary, is due by August 15, 2025. Barring any conflicts, oral argument shall be held during the week of August 25, 2025.

DONE AND ORDERED in Chambers at Miami, Florida, this 21st of April 2025.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

3